Brassard, J.
This matter arises on the Department of Public Health’s (“DPH”) motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). DPH argues that because it is a public employer, the Massachusetts Torts Claims Act (the “Act”), G.L.c. 258, §10(j) prohibits plaintiffs recovery. In opposition, the plaintiff, Arthur Costa (“Costa”), argues that §10(j) is inapplicable because DPH took affirmative actions which caused the decedent harm. Costa argues that a public employer which itself harms an individual is liable under the Act. Specifically, Costa argues that DPH negligently carried out its statutorily required duty to investigate under G.L.c. Ill, §72H, and that it was this negligence which harmed the decedent.
For the following reasons, DPH’s motion to dismiss is ALLOWED.
BACKGROUND
For purposes of DPH’s motion to dismiss, the complaint alleges the following facts.
On June 26, 1997, the decedent Susan Costa (“decedent”) was admitted as a patient into Wilmington Woods Nursing Center,[3] which is operated by Mediplex of Massachusetts, Inc. (“Mediplex”), another defendant in this action. Mediplex and Costa agreed that decedent would be provided care in such a manner and in such an environment as would promote her quality of life as well as to provide for her safety and general well being. During her stay at the nursing home, decedent was abused, neglected, and/or mistreated by Mediplex’s agents including its servants and employees. Between October 1997 and February 1998, Costa alleges that Stacey Arruda {“Arruda”), a nurse’s aide, yanked the decedent’s hair. Costa further alleges that the decedent was treated for malnutrition and dehydration, and was repeatedly treated for “falls” despite her being confined to a wheelchair. Decedent also frequently told her son that the nursing home staff was mistreating her.
According to Costa, on October 24, 1997, DPH received a complaint made by another nursing home patient at Wilmington Woods Nursing Center regarding serious abuse, mistreatment, and neglect of patients and residents. The complaint included allegations that Arruda, an employee at Wilmington, dumped an elderly Alzheimer’s patient from her wheelchair and then proceeded to drag the patient across the floor by her arms.[4] Under M. G.L.c. 111, §72(h), DPH was required by statute to investigate, evaluate, and inform the Attorney General’s office of all such reports of abuse within seven (7) days of the report. Instead, Costa alleges that the October 24, 1997 complaint was ignored or at least not investigated until February 19, 1998, four (4) months after the initial filing of the complaint. Joanne Gallo, an employee of DPH, was the investigator. According to Costa, had DPH and/or its employee Joanne Gallo made a timely and sufficient investigation and evaluation, the decedent would not have been harmed during the four (4) months between October and February. Therefore, the plaintiff alleges that DPH is liable for the physical and mental pain and suffering of the decedent, and that DPH contributed to and/or caused the death of the decedent.
On October 24, 2000, Costa filed his complaint and demand for jury trial. In Count I of his complaint, Costa asserts that DPH, as a public employer, acted negligently in its failure to timely investigate and evaluate the October 24, 1997 complaint, and to inform the Attorney General. Count II alleges that the nursing home is responsible for Stacey Arruda’s actions or those actions that harmed the decedent under the theory of respondeat superior. Count III alleges that the nursing home was negligent in its hiring, retention and supervision of its employees. Count IV alleges a claim under G.L.c. 93A against the nursing home. Count V alleges the nursing home was negligent in its treatment and interaction with the decedent. Count VI alleges against the nursing home a claim for breach of warranties. Count VII alleges the nursing home breached its contract with Costa. On December 11, 2000, DPH filed the present motion to dismiss all claims against it.
DISCUSSION
When considering a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), the factual allegations of the complaint are considered true and all inferences are drawn in the plaintiffs favor. See General Motors Acceptance Corp. v. Abington Casulty Ins. Co., 413 *380 Mass. 583, 584 (1992). The complaint should not be dismissed for failure to state a claim “unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nadar v. Citron, 372 Mass. 96, 98 (1977). A “complaint is not subject to dismissal if it could support relief under any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
DPH relies upon G.L.c. 258, §10(j), which provides immunity for public employers as to, “any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the pubic employer.” DPH asserts that Costa’s claim against it is for negligent failure to conduct an investigation. Thus, DPH argues, to have an actionable claim, Costa must be able to point to an affirmative negligent act done by DPH, which caused the harmful condition or situation. According to DPH, because Costa does not allege that a DPH agent affirmatively acted to harm the decedent, and because DPH did not by any affirmative act cause any agent of Mediplex to hurt the decedent, then DPH under § 10(j) is immune from liability for its employee’s failure to prevent harm done to the decedent.
In opposition, Costa argues that § 10(j) only protects a public employer who fails to act to prevent the harm caused by a third party and that a public employer which itself harrrts the individual is liable under the Act. Costa argues that DPH negligently failed to properly and timely investigate and evaluate the reported abuse within seven (7) days upon filing of the October 24th report, as statutorily required under G.L.c. Ill, §72H. Costa further argues that had DPH not waited four (4) months to begin its investigation the harm inflicted upon the decedent by and through the Mediplex nursing home staff would not have occurred. Thus, §10(j) immunity should not be afforded to DPH.
Costa further argues that this motion is premature and that discovery is required to determine all facts. However, the Supreme Judicial Court has “noted the importance of ‘determining immunity issues early if immunity is to serve one of its primary purposes: to protect public officials from harassing litigation.’ ” Brum v. Town of Dartmouth, 428 Mass. 684, 688 (1999); Duarte v. Healy, 405 Mass. 43, 44 n.2 (1989). See also Harlow v. Fiztgerald, 457 U.S. 800, 817 (1982).
The Supreme Judicial Court has stated that the principal purpose of §10(j) is to “exclude liability for ‘an act or failure to act to prevent or diminish’ certain ‘harmful consequences.’ ” Brum v. Town of Dartmouth, 428 Mass. 684, 692 (1999). It is clear that §10(j) “was intended to provide some substantial measure of immunity from tort liability to government employers.” Id. at 695. As such §10(j) is generally read to provide immunity broadly. Id.
The issue in this case, is whether DPH “originally caused” the condition or situation that led to the decedent’s injuries. InBrum, the Supreme Judicial Court held that the term “originally caused” excluded failures to prevent harm. 428 Mass, at 696. In Brum, after forcing three individuals off school grounds for violent interaction with students, the school later that day failed to prevent those same individuals from coming back onto file property and stabbing one of the students to death. 428 Mass. at 686-87. The plaintiff in that case alleged that the school’s negligent failure to maintain statutorily required security measures caused the student’s death. 428 Mass, at 687. The Court determined that the failure to prevent the harm, even negligently, was not the original cause of the condition or situation. 428 Mass, at 696. Thus, §10(j) provided immunity. See id.
In this case, pursuant to G.L.c. Ill, §72H, DPH had a duty to investigate and report incidences of abuse. Nonetheless, Brum clearly indicates that mere failure to carry out a statutory duty does not constitute “original cause." In order to determine whether DPH’s conduct “originally caused” harm to the decedent, the distinction must be made as to whether DPH failed to prevent the harm or actually created the harm. The distinction within §10(j) between creating harm and failing to prevent harm is subtle. “It is the distinction between creating a risk which causes harm to another and failing to prevent harm from an independent source of risk, even if the public employee has a statutory or employment duty to act.” Glannon, Liability for “Public Duties” Under the Tort Claims Act: The Legislature Reconsiders the Public Duty Rule, 79 Mass. L. Rev. 17, 26 (1994). The Supreme Judicial Court has held that it is the distinction between a parole officer failing to adequately supervise the actions of the parolee who was the cause of injury to the plaintiff, for which immunity is granted, and the negligent affirmative recommendation by the parole officer for the parolee regarding employment that gave rise to the situation that allowed the plaintiff to be harmed, for which immunity is denied. See Bonnie W. v. Commonwealth, 419 Mass 122, 124-27 (1994).
DPH allegedly failed to meet its statutory duty to act, but any harm the decedent suffered as a result of her treatment at Mediplex was not inflicted by DPH or any of its employees. DPH’s failure to act to prevent harm to the decedent was not the original cause of that harm but rather a failure to prevent or diminish that harm.
ORDER
For the foregoing reasons, DPH’s motion to dismiss is ALLOWED.

 Also referred to as “Sunbridge” in the plaintiffs Memorandum of Law in Support of Plaintiffs Opposition to DPH’s Motion to Dismiss.

 Arruda was subsequently criminally prosecuted and convicted of nine (9) counts of patient and elder abuse in Middle-sex Superior Court.